

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Orville S. Carpenter
Chairman and Executive Director
Texas Unemployment Compensation Commission
Austin, Texas

Dear Sir:

Opinion No. 0-1337
Re: Construction of Section
19 (g) (1) of the Texas
Unemployment Compensation
Act. (Article 5221b, Sec-
tion 17 (g) (1), Revised
Civil Statutes.)

Your request for an opinion upon the construc-
tion of Section 17 (g) (1) of Article 5221b of the Re-
vised Civil Statutes of Texas under certain stated facts
has been received by this department. Your request re-
cites the following facts:

"The A lumber company operates a
lumber mill. It contracts with X, an
individual. Under the contract X is to
cut certain types of trees from a cer-
tain tract and haul the logs produced
to the company's mill. X himself per-
forms services and likewise engages
the services of other individuals who
assist him in the cutting and hauling
operation."

Based upon the above stated facts, together with
your statement that your Commission has demanded of A com-
pany that it pay contributions under Texas Unemployment Com-
pensation Act on wages payable for services performed by X
and other individuals for A company; that A company has re-
fused to pay the contribution demanded, claiming that ser-
vices performed by X and other individuals do not constitute
employment under the Act mentioned; that you have requested
A company to show to the satisfaction of the Commission that
the services performed by X and other individuals do not con-
stitute employment, wages for which are subject to contribu-
tions under the Act, and that A company has failed to make
any showing after a lapse of more than four months time.

Honorable Orville S. Carpenter, Page 2

You state your question as follows:

"Under the above state of facts, does Section 19 (g) (1) of the Texas Unemployment Compensation Act (Article 5221b-17 (g) (1), Vernon's Texas Civil Statutes, 1925) operate to make the services performed by X and the other individuals, services performed for wages, in the employment of the A company? Is the Commission, upon institution of suit by the Attorney General for the collection of contributions from A Company, required to make any showing other than the facts presented above, together with a statement of the amount of contributions and penalties sued for? In other words, may the Commission rest its case upon the failure of the A company to show to the satisfaction of the Commission that X and the other individuals have been and will continue to be free from control or direction over the performance of their services, both under the contract of service and in fact?"

Article 5221b, Section 17 (g) (1), as it now reads is as follows:

"'EMPLOYMENT subject to the other provisions of this subsection, means service, including service in interstate commerce, performed for wages or under any contract of hire, written or oral, express or implied, provided that any services performed by an individual for wages shall be deemed to be employment subject to this Act unless and until it is shown to the satisfaction of the Commission that such individual has been and will continue to be free from control or direction over the performance of such services both under his contract of service and in fact."

"Article 5221b, Section 5 (a), Payment: On and after January 1,

Honorable Orville S. Carpenter, Page 3

> 1936, contributions shall accrue and
> become payable by each employer for
> each calendar year in which he is
> subject to this Act, with respect to
> wages payable for employment occur-
> ring during such calendar year . . ."

Section 7 (a) then requires that all employers subject to the Act shall, after January 1, 1936, make the contributions as provided by the other portions of the Act. As to what persons or firms are liable for contributions under the Act, we look for the definition of employer. Article 5221b, Section 17 (f) (1) and Section 17 (f) (4) defines employer:

> "Any employing unit which for
> some portion of a day but not neces-
> sarily simultaneously, in each of
> twenty (20) different weeks, whether
> or not such weeks are or were con-
> secutive, within either the current
> or the preceding calendar year, has
> or had in employment eight (8) or
> more individuals (irrespective of
> whether the same individuals are or
> were employed in each such day); . . .

> "Any employing unit which to-
> gether with one or more other em-
> ploying units, is owned or control-
> led (by legally enforceable means or
> otherwise) directly or indirectly by
> the same interest, or which owns or
> controls one or more other employing
> units (by legally enforceable means
> or otherwise), and which, if treated
> as a single unit with such other em-
> ploying unit, would be an employer
> under paragraph (1) of this subsec-
> tion; . . ."

We then refer back to Section 19 (g) (1) (Article 5221b, 17 (g) (1), Revised Civil Statutes), quoted on page 2 of this opinion, for the definition of the term employment. The facts recited by your letter do not affirmatively show that such services are services performed for wages in the

Honorable Orville S. Carpenter, Page 4

employment of the A company, nor that same are performed under a contract of hire. For aught the facts submitted show, the contract may be for a turnkey job. The law authorizes you, if you have reason to believe that certain individuals are employees coming within the requirements of this particular Act, to permit the employer to present evidence to your Commission of the true relationship between A company, X and the other individuals. This you have attempted to do by requesting the A company to show to the Commission whether such individuals mentioned in your letter are employees of the A company. At this junction, we comment that in our opinion notice to the A company given four months ago to appear and establish the relationship of the individuals mentioned in your letter appears to us to have been sufficient time for the A company to have complied if it had so desired.

You have asked if the Commission may rest its case upon the failure of A company to show to the satisfaction of the Commission that X and the other individuals have been and will continue to be free from control of A.

The 46th Legislature has provided in Article 5221b, Section 12 (e) as follows:

> "In the event the Attorney General shall file suit or a claim for contributions, penalties or interest, as provided in this Act, and attach or file as an exhibit any report or audit of such employer, and an affidavit made by any member of the Texas Unemployment Compensation Commission, or any representative of the Commission, that the contributions, penalties or interest shown to be due by said report or audit are past due and unpaid, that all payments and credits have been allowed, then, unless the party resisting the same shall file an answer in the same form and manner as provided by Article 3736, Revised Statutes of Texas of 1925, as amended by Chapter 239, Acts of the Regular Session of the Forty-second Legislature, said Audit

> or report shall be taken as prima
> facie evidence thereof, and the pro-
> ceedings of said article are hereby
> made applicable to suits to collect con-
> tributions, penalties or interest here-
> under."

In view of this authority, if no answer to the petition be
filed and the affidavit meets the requirements of the statutes,
the sworn account makes a prima facie case. It will support a
judgment.

On the other hand if the Commission files a petition
containing a sworn account and a sworn denial is filed by the
defendant there is a burden upon the Commission and its attor-
neys to show more than that A company failed to make any show-
ing before the Commission.

The definition of "employing unit" and "employer"
gives the working basis for determination of liability. Until
the Commission shows that X and other individuals are perform-
ing services for A company for wages or under a contract of
hire there is nothing in evidence to sustain a judgment against
A company. We presume that your audit of the books of A com-
pany will show the money or wages it has paid, the number of
persons receiving it and the days or weeks of employment.

There must be a showing of the facts necessary to
constitute an "employer" relationship before the court may
know if the finding of the Commission is based upon any evidence.
Lack of such proof would probably result in the courts finding
that the Commission acted arbitrarily in making its finding.
Proof that wages were paid to X for services would be sufficient
to discharge this burden of proof as to him, or proof that his
services were performed under a contract of hire. However, the
mere finding that he performed services under a contract would
not be sufficient, since the contract might be one which would
render him an independent contractor. Since your fact situation
shows neither a payment of wages, nor services performed under a
contract of hire, it does not disclose a prima facie case, and
your question must be answered negatively. The sworn account
would, of course, reflect the amount of contributions, penalties
and interest claimed.

APPROVED OCT 4, 1939

*[signature]*

FIRST ASSISTANT
ATTORNEY GENERAL

MH:RS

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *[signature]* Morris Hodges

Morris Hodges
Assistant

APP
OPI
COMM

BY
CHA